F I L E D
**United States Court of Appeals
Tenth Circuit**

**DEC 30 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN GOOCH,

        Petitioner-Appellant,

v.

RON WARD,

        Respondent-Appellee.

No. 04-6264

(W.D. Oklahoma)

(D.C. No. CIV-04-94-HE)

**ORDER**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Stephen Gooch, a state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2241 petition for habeas corpus. We deny his request for a COA and dismiss this matter.

**I. BACKGROUND**

Mr. Gooch is in the custody of the Oklahoma Department of Corrections ("ODOC") for drug-related convictions. On the morning of July 17, 2003, prison officials conducted a random "shakedown" of Mr. Gooch's cell and found "a half bottle or jar of bleech [sic], a small bottle of floor wax and other misc.

contraband." Ex. A. He was charged with a disciplinary offense for violation of Rule 09-3, which prohibits the "possession/introduction of any drug, narcotic, intoxicant, chemical, drug paraphernalia not prescribed by medical staff." Ex. D. Mr. Gooch was provided notice of his charge and did not request witnesses for his disciplinary hearing. At the conclusion of the hearing, he was found guilty of the offense, based on his admission that he possessed the wax and had knowledge of the bleach. As punishment, prison officials placed him in disciplinary segregation for fifteen days and revoked ninety days of earned credits.

Mr. Gooch undertook an administrative appeal of the disciplinary conviction to a facility head, and his conviction was affirmed. In a subsequent appeal to the Director or Designee of the ODOC, his conviction was again affirmed because "[w]ax and bleach are not authorized items to have in [a prisoner's] property." Ex. G. Mr. Gooch now seeks a COA so he may appeal the district court's dismissal of his 28 U.S.C. § 2241 petition.

## II. DISCUSSION

We may issue a COA and entertain Mr. Gooch's appeal only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, Mr. Gooch "must show that reasonable jurists could debate whether (or, for that matter, agree that) the

-2-

petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

We have carefully reviewed the magistrate judge's report and recommendation, the district court's order, and the entire record and brief on appeal. For substantially the same reasons set out in the magistrate judge's report and recommendation, and the district court's order addressing objections to the report and recommendation, we conclude that Mr. Gooch has not made a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). He asserts that he was authorized to possess the cleaning materials to perform his prison job and that he was improperly convicted because there was no evidence of misconduct. However, we conclude that Mr. Gooch received the due process protections to which he was entitled under *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Furthermore, prison officials supported his disciplinary conviction with "some evidence," as required by *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Mr. Gooch admitted to possession of the wax, and the ODOC construed the cleaning supplies found in his cell as "chemicals" prohibited by Rule 09-3.

We therefore DENY Mr. Gooch's application for a COA and DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge